**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NELSON GEIGEL CUENCA, | : | Civil No. 1:26-CV-01663 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Nelson Geigel Cuenca ("Cuenca"). (Doc. 6.) Cuenca argues that he is being wrongfully detained in violation of 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the court will deny Cuenca's petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Cuenca is a native and citizen of Cuba. (Doc. 10-3, p. 2.)[1] On July 28, 2012, Cuenca entered the United States in Brownsville, Texas. (*Id.* at 4.) Cuenca was served with a notice to appear and paroled into the United States. (*Id.*)

In 2013 and 2014, Cuenca was arrested and charged in Florida with theft, drug possession, and burglary charges that were eventually dropped or withheld. (Doc. 10-4, p. 2.) On November 3, 2013, Cuenca was arrested in Florida for

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

burglary of unoccupied conveyance, and on January 14, 2014, he was arrested in Florida for grand theft between $300 and $5,000 and petit theft in the 1st degree between $100 and $300. (*Id.* at 3.) On February 14, 2014, Cuenca was sentenced to 3 years of probation for both sets of charges. (*Id.*)

Cuenca was ordered removed by an immigration judge on March 10, 2014. (Doc. 10-2.) He was released from immigration custody on an order of supervision on April 14, 2014. (Doc. 10-3, p. 4.) Since that time, Cuenca was convicted of offenses in July 2014, February 2015, May 2015, March 2016, January 2018, December 2018, and December 2025. (*Id.* at 3–4; Doc. 10-4, pp. 3–5.) Those charges included multiple theft offenses, resisting arrest, possession of a controlled substance, multiple driving under the influence offenses, and simple assault. (Doc. 10-3, pp. 3–4; Doc. 10-4, pp. 3–5.) Cuenca's sentences ranged from 1 month to 2 years of imprisonment. (Doc. 10-3, pp. 3–4; Doc. 10-4, pp. 3–5.)

On January 28, 2026, Cuenca was encountered by Immigration and Customs Enforcement ("ICE") when he was reporting for his scheduled report date. (Doc. 10-4, p. 5.) ICE determined that Cuenca was eligible for third country removal to Mexico, took Cuenca into custody, and served him with an order of supervision revocation letter. (*Id.*; Doc. 10-5; Doc. 10-6.) Cuenca was advised that he would be removed to Mexico and expressly stated that he had no fear of being removed to

Mexico. (Doc. 10-4, p. 5.) He was then detained pending removal. (*Id.*; Doc. 10-5.)

On March 16, 2026, Cuenca was approved for removal to Mexico, but reported the next day that he did not want to go to Mexico. (Doc. 10-4, p. 5.) Cuenca was informed that his continued refusal to make timely and good faith efforts to depart the United States would permit an extension of the removal period. (*Id.*) On March 25, 2026, ICE reviewed Cuenca's custody status and determined that Cuenca would not be released at that time. (Doc. 10-7.) Cuenca was transferred to FCI Lewisburg on April 29, 2026. (Doc. 10-4, p. 5.)

On June 16, 2026, Cuenca filed a petition for writ of habeas corpus requesting release from detention against Jessica Sage, Warden of FCI Lewisburg ("Respondent"). (Doc. 6.) Respondent filed a response on July 16, 2026, and Cuenca filed a traverse on August 10, 2026. (Docs. 10, 13.) Respondent provided a status update as requested by the court on October 21, 2026, advising the court that Cuenca has not been removed from the United States because of his failure to comply with statutory requirements. (Doc. 16.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the

Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Cuenca is detained at FCI Lewisburg, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

**DISCUSSION**

Cuenca argues that his detention violates 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment. (Docs. 6, 13.) Cuenca asserts that his detention is unreasonably prolonged beyond the presumptively reasonable six-month period in violation of *Zadvydas*, 533 U.S. 678. (Docs. 6, 13.) Cuenca requests his immediate release from custody. (Doc. 6, pp. 4–5.)

In opposition, Respondent argues that Cuenca is lawfully detained under Section 1231(a). (Doc. 10, pp. 7–9.) Respondent submits that Cuenca cannot demonstrate that he will not be removed in the reasonably foreseeable future as Mexico will accept him. (*Id.*) The only impediment to his removal to Mexico is Cuenca's failure to comply with his statutory requirements under Section 1231(a)(1)(C). (Doc. 16, pp. 2–3.) Respondent notes that Cuenca has also been

placed on the third country removal list and the Department of Homeland Security is actively working to identify an alternative third country. (*Id.*) Ultimately, Respondent argues that Cuenca has not carried his burden of establishing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. 10, pp. 7–9.)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens

"may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months. *Id.* at 701. Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention). The determination of what constitutes the reasonably foreseeable future shrinks as the period of confinement increases. *Id.*

Here, Cuenca's presumptively reasonable six-month period began on January 28, 2026, when Cuenca was encountered by ICE during his scheduled report date. Thus, Cuenca has been detained for approximately nine months. The court acknowledges that this passes the presumptively-constitutional period, but finds that Cuenca fails to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Cuenca has not identified any reason, other than removal has not yet occurred, to believe he will not be removed in the reasonably foreseeable future. And Respondents have indicated that Cuenca remains on the list to be removed to Mexico, has failed to cooperate as required by § 1231(a)(1)(C),[2] thus, extending his detention period, and that officials are attempting to locate a different third-party county for removal. Accordingly, the court will deny Cuenca's petition.

[2] Section 1231(a)(1)(C) provides:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

## CONCLUSION

For these reasons, the court will deny Cuenca's petition for writ of habeas corpus. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 23, 2026